### 12003.  HILL *v.* THE STATE.

A conviction of larceny from the house was authorized by the evidence. ·
DECIDED MARCH 8, 1921.

Indictment for larceny from house; from Wilkes superior court — Judge Walker. November 27, 1920.

Application for certiorari was denied by the Supreme Court.

The prosecutor, Lizzie Luckey, testified: " Lamb Hill (the defendant) came to my house about 12 o'clock and went to the

hydrant in front of the house to get a drink of water. He asked me to lend him a dipper. I was sitting on the porch, right at the door. I told him the dipper was in the house. I had to move a little to let him in the door. He went in the house, got the dipper, went out to the hydrant, got him a drink of water, and took the dipper back in the house. My money in my pocket-book, with my snuff-box, was on the bed in the house. Lamb came out of the house and went around to John Brown's. When I missed my money I went up to Mr. Hill's lot where Lamb was working, and told Lamb to give me my money. Lamb had some money in his shirt pocket that was folded up like my money was folded in the pocket-book. I had $36.20. I had seen my money not long before Lamb went in. From the time I saw it until I missed it nobody had been in the room but Lamb. I was on the porch the entire time, and if anybody else had gone in the room I would have seen them. . . There was another door on the opposite side of the house, which was not locked, but was buttoned. My money was in my pocket-book on the bed, the bed was next to the window, the dipper was on a table on the other side of the window from the bed. . . I had three five-dollar bills, one ten-dollar bill, and the balance of my $36 was in one-dollar bills. I don't know what sort of bills Lamb Hill had in his pocket when I went up to Mr. Hill's lot; all I know to identify it by is that it was folded the same way my money was folded. " Another witness testified that when the defendant was arrested on the day on which Lizzie Luckey said that her money was stolen, he had $29 on him, consisting of two ten-dollar bills, one five-dollar bill, and four one-dollar bills; the witness was not positive as to this. It was testified in behalf of the defendant, and in his statement at the trial he said, that he had $29 on his person and showed it to others in the morning, before he went to Lizzie Luckey's house, on the day on which she said her money was stolen. He denied that he took her money.

*W. A. Slaton,* for plaintiff in error.

*R. C. Norman, solicitor-general, Earle Norman,* contra.

Luke, J. This case is here for review upon the sole assignment of error that the verdict of guilty was not authorized by the evidence. The evidence was weak; yet the jury had a right to believe, and did believe, the evidence of the prosecutor, which

evidence was sufficient to authorize the conviction of the defendant. The verdict, having the approval of the trial judge, and there being evidence to support it, cannot by this court be set aside. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*